UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL YOUNG, individually and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>GRANITE CONSTRUCTION, INC. and KENNY CONSTRUCTION COMPANY<br><br>Defendants. | Case No.<br><br>Jury Trial Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Michael Young ("Young") and other workers like him (collectively, the "Straight Time Workers") were not paid overtime as required by the Fair Labor Standards Act ("FLSA") for work they performed for Granite Construction, Inc. ("Granite") and Kenny Construction Company ("Kenny") (collectively, "Defendants").

2. Granite is a full-service general contractor, construction management firm and construction materials producer.[1] Granite claims it is recognized as one of the top 25 largest construction companies in the United States.[2]

3. In January 2013, Kenny Construction became a wholly-owned subsidiary of Granite Construction, Inc.[3]

---

[1] https://www.graniteconstruction.com/company/our-brands (last visited June 11, 2019).
[2] *Id.*
[3] *Id.*

4. Young and the similarly situated Straight Time Workers are Defendants' employees who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek.

5. To avoid paying the Straight Time Workers overtime, Defendants uniformly misclassified them as exempt from the overtime provisions of the FLSA and applicable state laws.

6. Young brings this lawsuit to recover unpaid overtime on behalf of himself and all Straight Time Workers who elect to opt-in to this action.

7. Young also brings this action on behalf of himself and similarly situated Straight Time Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

8. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a) because this Action involves a federal question under the FLSA.

9. This Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. This Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

11. The total number of all potential class members far exceeds 100.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Kenny Construction Company is headquartered in this District and Division.

## THE PARTIES

13. Young is an adult individual who is a resident of the State of Michigan.

14. Granite and Kenny were joint employers of Young and the FLSA Collective (defined below).

15. During the operative period, Young was an employee of Granite and Kenny as defined by the FLSA.

16. At all relevant times, Granite and Kenny were Young's employers as defined in the FLSA.

17. During the relevant period, Young was an employee of Granite and Kenny as defined by the FLSA and NYLL.

18. At all relevant times, Granite and Kenny were Young's employers as defined in the FLSA and NYLL.

19. Young worked as a Field Construction/Commissioning Manager for Defendants from March 2015 to December 2017.

20. Young worked for Defendants in New York state.

21. Young was staffed by Defendants to Rochester Electric & Gas and New York State Electric & Gas Company.

22. While working for Defendants, Young was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

23. Young's written consent is attached as Exhibit A.

24. Young coordinated laborers to perform construction services.

25. Young reported his hours to Defendants.

26. Young received a paycheck from Granite.

27. Young brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for all hours worked, including those over 40 in a workweek, under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for Granite Construction and Kenny Construction during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "FLSA Collective").**

28. The FLSA Collective members are easily ascertainable from Defendants' business and personnel records.

29. Young also seeks certification of a class under FED. R. CIV. P. 23 to remedy Defendants' violations of the NYLL.

30. The class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

> **All employees who worked for Granite Construction and Kenny Construction in New York during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "New York Class").**

31. The New York Class members are easily ascertainable from Defendants' business and personnel records.

32. Granite and Kenny specialize in complex infrastructure projects, including transportation, industrial and federal contracting.[4]

33. When Young and the FLSA Collective and NYLL Class worked for Defendants, they maintained the ability to hire and fire, supervise and control, set pay, determine hours, and approve time sheets with respect to those workers.

34. Granite and Kenny may be served with process by serving their registered agent c/o CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## COVERAGE UNDER THE FLSA

---

[4] *Id.*

35. At all relevant times, Defendants were both employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all relevant times, Defendants were each an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce and are necessary for and were routinely used in the work Young and the FLSA Collective performed for Defendants.

38. At all relevant times, Granite and Kenny both had an annual gross volume of sales made or business done of not less than $1,000,000.

39. At all times hereinafter mentioned, Young and the FLSA Collective were engaged in commerce or in the production of goods for commerce.

## THE FACTS

40. Defendants paid Young according to their "straight time for overtime" policy.

41. During the relevant period, Young worked for Defendants as an hourly employee.

42. Defendants set Young's schedule.

43. Young was paid by the hour.

44. Young was paid $55 per hour for hours approved by Defendants when he started in March 2015.

45. At the end of his employment with Defendants in December of 2017, Young was paid $65 per hour for hours approved by Defendants.

46. If Young worked fewer than 40 hours in a week, he would be paid only for the hours he actually worked.

47. But Young regularly worked more than 40 hours in a week.

48. Young routinely worked 50-60 hours a week.

49. Young occasionally worked up to 80 hours a week.

50. Within the past 3 years, Defendants employed Young in New York during at least one week in which he worked more than 40 hours.

51. Upon information and belief, Defendants employed more than 100 Straight Time Workers in New York in the last 3 years.

52. The hours Young, the FLSA Collective, and the New York Class worked are reflected in Defendants' payroll records, which have or should have been maintained by Defendants in the ordinary course of business.

53. Defendants paid Young, the FLSA Collective, and the New York Class the same hourly rate for all hours worked, including for those hours in excess of 40 hours in a single workweek.

54. Young, the FLSA Collective, and the New York Class did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Defendants.

55. Rather than receiving time and half as required by the FLSA, Young, the FLSA Collective, and the New York Class were only paid their straight time regular rates of pay for all hours worked.

56. This "straight time for overtime" payment scheme violates the FLSA and NYLL.

57. Defendants paid Young, the FLSA Collective, and the New York Class on an hourly basis.

58. Defendants never guaranteed Young, the FLSA Collective, and the New York Class a minimum weekly salary irrespective of days or hours worked.

6

59. Defendants did not pay Young, the FLSA Collective, and the New York Class on a salary basis.

60. Defendants were aware of the overtime requirements of the FLSA and NYLL.

61. Nevertheless, the hourly employees like Young, the FLSA Collective, and the New York Class did not receive overtime while working for Defendants.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

62. The illegal pay practices imposed on Young were imposed on members of the FLSA Collective and New York Class.

63. Young brings the First Cause of Action on behalf of himself and the FLSA Collective.

64. Young brings the Second Cause of Action, an overtime claim under the NYLL, on behalf of himself and the New York Class.

65. The illegal straight time for overtime policy Defendants imposed on Young was likewise imposed on the FLSA Collective and the New York Class.

66. The members of the FLSA Collective and the New York Class are geographically diverse and spread throughout the country.

67. The members of the FLSA Collective and the New York Class were victimized by the straight time for overtime policy which is in willful violation of the FLSA and the state overtime laws referenced in this complaint.

68. Defendants regularly assigned members of the FLSA Collective and the New York Class to work away from their homes.

69. Based on his experiences and tenure with Defendants, Young is aware that Defendants' illegal practices were imposed on other members of the FLSA Collective and the New York Class.

70. The FLSA Collective and the New York Class were denied overtime at one and one-half times their regular rates when they worked more than 40 hours per week.

71. Defendants' failure to pay overtime at the rates required by state and/or federal law result from a generally applicable, systematic policy which is not dependent on the personal circumstances of the FLSA Collective and the New York Class.

72. Young's experiences are therefore typical of the experiences of the FLSA Collective and the New York Class.

73. The specific job titles or precise job locations of the various members of the FLSA Collective and the New York Class do not prevent class or collective treatment.

74. Young has no interests contrary to, or in conflict with, the FLSA Collective and the New York Class that would prevent class or collective treatment.

75. Like each member of the FLSA Collective and the New York Class, Young has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

76. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent a class and collective action, many members of the FLSA Collective and the New York Class will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and applicable state labor law.

78. Furthermore, even if some of the FLSA Collective and the New York Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the FLSA Collective and the New York Class and provide for judicial consistency.

80. The questions of law and fact common to the FLSA Collective and the New York Class predominate over any questions affecting solely the individual members.

81. Among the common questions of law and fact are:

a. Whether Defendants employed the members of the FLSA Collective and the New York Class within the meaning of the applicable state and federal statutes, including the FLSA and NYLL;

b. Whether Defendants' violation of the FLSA and NYLL resulted from a continuing course of conduct;

c. Whether Defendants' decision to pay straight time for overtime to hourly workers was made in good faith;

d. Whether Defendants' decision to not pay time and a half for overtime to the members of the FLSA Collective and the New York Class was made in good faith;

e. Whether Defendants paid members of the FLSA Collective and the New York Class on a salary basis;

f. Whether Defendants' violations of the FLSA and/or NYLL were willful; and

g. Whether Defendants' illegal pay practice applied to the FLSA Collective and the New York Class.

82. Young, the FLSA Collective, and the New York Class sustained damages arising out of Defendants' illegal and uniform employment policy.

83. Young knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

84. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

85. Defendants are liable under the FLSA and NYLL for failing to pay overtime to Young, the FLSA Collective, and the New York Class.

86. Consistent with Defendants' straight time for overtime policy, Young and members of the FLSA Collective and New York Class were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

87. As part of a regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to Young and members of the FLSA Collective and the New York Class.

88. Defendants' illegal straight time for overtime policy deprived Young, the FLSA Collective, and the State Law Class of the premium overtime wages they are owed under state and federal law.

89. Defendants were aware, or should have been aware, that federal and/or state law required them to pay Young and members of the FLSA Collective and New York Class overtime premiums for all hours worked in excess of 40 per workweek.

90. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NYLL.

91. Numerous Straight Time Workers who worked with Young (including in New York) were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

92. Based on his experiences and tenure with Defendants, Young is aware that these illegal practices were imposed on members of the FLSA Collective as well as members of the New York Class.

93. The members of the FLSA Collective and the New York Class were not paid overtime at one and one-half times their regular rates when they worked in excess of 40 hours per week.

94. The failure to pay overtime at the rates required by state and federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the FLSA Collective or the New York Class.

95. Young's experiences are therefore typical of the experiences of members of the FLSA Collective and the New York Class.

96. The specific job titles or precise job locations of the various members of the FLSA Collective or the New York Class do not prevent collective treatment.

97. Young has no interests contrary to, or in conflict with, the members of the FLSA Collective or the New York Class.

98. Like each member of the FLSA Collective and the New York Class, Young has an interest in obtaining the unpaid overtime wages owed under federal law.

99. The precise size and the identity of other members of the FLSA Collective and the New York Class are ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

**FIRST CAUSE OF ACTION – FLSA OVERTIME WAGES**
**(BROUGHT BY YOUNG AND THE FLSA COLLECTIVE)**

100. The failure to pay Young and the FLSA Collective at one-and-one-half times their regular rates violated the FLSA's overtime provisions.

101. Defendants owe Young and the FLSA Collective overtime pay at the proper overtime rate.

102. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Young and the FLSA Collective.

103. Because Defendants knew, or showed reckless disregard for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

104. Defendants are liable to Young and the FLSA Collective for an amount equal to all unpaid overtime wages as liquidated damages.

105. Young and the FLSA Collective are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION – NYLL OVERTIME WAGES
### (BROUGHT ON BEHALF OF YOUNG AND THE NEW YORK CLASS)

106. The overtime provisions of the NYLL and its supporting regulations apply to Defendants and protect Young and the New York Class.

107. Defendants failed to pay Young and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

108. Through their knowing or intentional failure to pay Young and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

109. Due to Defendants' willful violations of the NYLL, Young and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

### JURY DEMAND

110. Young demands a trial by Jury.

### PRAYER

111. Young, individually, and on behalf of himself, the FLSA Collective and the New York Class, respectfully requests that this Court grant the following relief:

    a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

    individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order appointing Young as representative and his counsel to represent the interests of the FLSA Collective and the New York Class;

c.  For an Order finding Defendants liable to Young and the FLSA Collective for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  Certification of the New York Class pursuant to FRCP 23;

e.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

f.  For an Order granting such other and further relief as may be necessary and appropriate.

                   Respectfully submitted,

Date: June 11, 2019           /s/Douglas M. Werman
                      One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

  **AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
Texas State Bar No. 24056278
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050

13

Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

      **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**